# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TYWAN JAMES,** | : | **CIVIL NO. 3:16-CV-2417** |
| **Plaintiff** | : | **(Judge Munley)** |
| v. | : | |
| **WARDEN ODDO,** *et al.*, | : | |
| **Defendants** | : | |

## MEMORANDUM

On December 6, 2016, Tywan James ("James"), a federal inmate formerly incarcerated at the United States Penitentiary at Allenwood ("USP-Allenwood"), filed this Bivens[1] action pursuant to 28 U.S.C. § 1331. Named as Defendants are the following officials and employees at USP-Allenwood: Warden Oddo; Unit Manager Pasanite; Case Manager Birdsaw; and Counselor Antanucci. (Doc. 1).

James seeks to proceed *in forma pauperis* (Doc. 12). Pursuant to 28 U.S.C. § 1915, the Court is required to examine the complaint for legal sufficiency and to dismiss a complaint if it is frivolous, malicious or fails to state a claim on which relief may be granted. For the reasons that follow, the complaint will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.   Standards of Review**

Section 1915(e)(2)(B) states, in pertinent part, "the court shall dismiss the case at

---

[1] Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388(1971).

any time if the court determines that the action "(I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from suit." 28 U.S.C. §1915(e)(2)(B)(i) - (iii).  The applicable standard of review for the failure to state a claim provision is the same as the standard for a motion pursuant to 12(b)(6) of the Federal Rules of Civil Procedure.  Rule 12(b)(6) provides for the dismissal of complaints that fail to state a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).  When ruling on a Rule 12(b)(6) motion, the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)).  Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry.  See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010).  In the first step, "the court must 'tak[e] note

of the elements a plaintiff must plead to state a claim.' " Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded. Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210–11 (3d Cir. 2009). Once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

## II.     **Allegations of the Complaint**

James alleges that the defendants "violated his Fifth, Eighth and Fourteenth Amendment rights when said defendants arbitrarily applied the Second Chance's Act Residential Reentry Program to deny plaintiff of benefits and rehablative [sic] programming under said act. To the extent the defendants significantly reduced plaintiff's [release] from six months to ninety days. All the while, the defendants were cognizant that plaintiff meets all the criteria for long term placement." (Doc. 1, p. 7). He seeks monetary relief in the amount of 2,450,000.00. (Id. at 5).

James recently notified (Doc. 15) the Court that he has been transferred to the Pact Bradley Center in Michigan City, Indiana.

**III.   Discussion**

A <u>Bivens</u> action is "the federal equivalent of the § 1983 cause of action against state actors." <u>Brown v. Philip Morris Inc.</u>, 250 F.3d 789, 800 (3d Cir.2001); <u>see</u> also <u>Tavarez v. Reno</u>, 54 F.3d 109, 110 (2d Cir. 1995) (*per curiam*) (noting that "federal courts have typically incorporated § 1983 law into <u>Bivens</u> actions" because "the two actions share the same practicalities of litigation."). Accordingly, to establish a claim for relief under <u>Bivens</u>, a plaintiff must demonstrate: (1) that the conduct was committed by a federal actor, and (2) that conduct resulted in the deprivation of a right secured by the Constitution or federal laws of the United States. <u>See</u> Brown, 250 F.3d at 801.

Defendants' failure to recommend James for placement in a halfway house for the desired period of time does not implicate Constitutional concerns. Prisoners have no inherent constitutional right to placement in any particular prison, or in a halfway house, to any security classification, or to any particular housing assignment. <u>See Olim v. Wakineknoa</u>, 461 U.S. 238, 245 (1983); <u>Meachum v. Fano</u>, 427 U.S. 215, 225 (1976); <u>Montayne v. Haymes</u>, 427 U.S. 236, 242 (1976); <u>Bulger v. U.S. Bureau of Prisons</u>, 65 F.3d 48 (5th Cir. 1995).

To the extent that James has any right to substantive relief through the Second Chance Act itself, any such claims must be pursued in a petition for writ of habeas corpus. A civil rights action may not be employed to challenge the fact or duration of a prisoner's sentence or to seek earlier or speedier release. <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1975).

James's request for damages is also subject to dismissal. In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486–87. James has offered no such proof.

**IV.   Conclusion**

Based on the foregoing, the complaint will be dismissed for failure to state a claim pursuant 28 U.S.C. § 1915(e)(2)(B)(ii).

An appropriate order will issue.

        **BY THE COURT:**

        **s/James M. Munley**
        **JUDGE JAMES M. MUNLEY**
        **United States District Court**

Dated: February 6, 2017